UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS RAMIREZ-MARISCAL, | ) Case No. 1:14-cv-00500-SKO-HC ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION ) WITHOUT PREJUDICE FOR PETITIONER'S |
| v. | ) FAILURE TO PROSECUTE AND FOLLOW AN ) ORDER OF THE COURT (Doc. 1) ) |
| MICHAEL L. BENOV, | ) ORDER DIRECTING THE CLERK TO CLOSE ) THE CASE ) |
| Respondent. | ) ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on April 23, 2014, and on behalf of Respondent on June 24, 2014.

Pending before the Court are 1), the petition, which was filed on April 9, 2014, and 2) a notice entered on the docket on July 28, 2014, indicating that this Court's order granting Respondent's

1

motion for an extension of time to file a response to the petition, which had been served by mail on Petitioner at his address listed on the docket on July 3, 2014, had been returned from Petitioner's former institution of confinement as "Undeliverable, Refused." Petitioner has not notified the Court of a current address.

## II. Dismissal of the Petition

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

1  failure to comply with an order requiring amendment of complaint);
2  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
3  failure to comply with local rule requiring pro se plaintiffs to
4  keep court apprised of address); Malone v. U.S. Postal Service, 833
5  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with
6  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
7  1986) (dismissal for lack of prosecution and failure to comply with
8  local rules).
9       Here, more than sixty-three (63) days have passed since
10 Petitioner's mail was first returned, and he has not notified the
11 Court of a current address.  In determining whether to dismiss an
12 action for lack of prosecution, failure to obey a court order, or
13 failure to comply with local rules, the Court must consider several
14 factors: (1) the public's interest in expeditious resolution of
15 litigation; (2) the Court's need to manage its docket; (3) the risk
16 of prejudice to the respondents; (4) the public policy favoring
17 disposition of cases on their merits; and (5) the availability of
18 less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,
19 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
20 1260-61; Ghazali, 46 F.3d at 53.
21      Because the petition has been pending for a lengthy period, the
22 public's interest in expeditiously resolving this litigation and the
23 Court's interest in managing the docket weigh in favor of dismissal.
24 The third factor, risk of prejudice to respondents, also weighs in
25 favor of dismissal, since a presumption of injury arises from the
26 occurrence of unreasonable delay in prosecuting an action.  Anderson
27 v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -
28 - public policy favoring disposition of cases on their merits -- is

greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the Court has reviewed the "consideration of alternatives" requirement.  See, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order dated April 10, 2014, was served by mail on Petitioner on the same date notifying Petitioner that each party appearing in propria persona was under a continuing duty to inform the Clerk and all other parties of any change of address by filing a separate notice; absent such notice, service at a prior address shall be fully effective.  (Doc. 2, 2.)  The Court also sent Petitioner a sample form for a notice of change of address.  (Id. at 4.)  Because Petitioner has failed to inform the Court of his new address, the Court cannot communicate with Petitioner or explore any alternatives short of dismissal of the case.

The Court concludes that dismissal is appropriate.

II. Certificate of Appealability

A certificate of appealability is not required to appeal the denial of a petition under § 2241.  Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997).  The plain language of § 2253(c)(1) does not require a certificate with respect to an order concerning federal custody because the detention complained of does not arise out of process issued by a state court.  Id.  Accordingly, no certificate of appealability should issue.

III. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED without prejudice for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

4

    2)   The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

    Dated: **October 10, 2014**              **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE